TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-8323
     Facsimile:  (213) 894-0141
     E-mail:  Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA



cc: USPO/Fiscal
Link #74

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 19-CR-650-PSG |
|---|---|
| Plaintiff, | [PROPOSED] ORDER REGARDING RESTITUTION |
| v. | |
| JESSE BELTRAN, | |
| Defendant. | |

Having considered the parties' representations concerning restitution in this matter, defendant's plea agreement and entrance of a guilty plea, and the facts and record in this case, the Court hereby FINDS AS FOLLOWS:

1.   On May 20, 2020, defendant Jesse Beltran ("defendant") pled guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). Defendant entered his guilty plea pursuant to a plea agreement with the government. In the plea agreement, defendant acknowledged his statutory obligation to pay restitution to his victims. The plea agreement did not specify a restitution amount.

2. At sentencing, the parties requested that the Court set a hearing on restitution approximately sixty days in the future to allow the parties time to reach a stipulation on restitution. The Court set the restitution hearing, and has since continued it several times at the request of the parties. Defendant, through his counsel, waived presence at the restitution hearing.

3. At a status conference on November 12, 2021, the Court heard from counsel for the defense and the government concerning attempts reach a stipulation on restitution. The parties had not reached a stipulation, and the Court ordered the government to submit a proposed order concerning restitution.

4. Defendant does not contest his obligation to pay restitution.

5. The Court has read and considered the victim's restitution request and victim impact statement.

6. The individual known as "Pia" is a victim in this case, meaning she is an "individual harmed as a result of a commission of a crime" under Chapter 110 of Title 18, which includes defendant's crimes, as provided in 18 U.S.C. § 2259(c).

7. A reasonable and appropriate amount of restitution to be paid to the victim is as follows: $3,000 in restitution to "Pia."

8. Such restitution will be paid at a schedule of $25 per month, beginning in the first full calendar month after the Court enters a restitution order in this case. This schedule of payment applies during, and, if needed to complete payment of restitution, after defendant's term of imprisonment and is based on defendant's representations about his financial situation. If defendant has a material change in economic circumstances that might affect his

ability to pay restitution, as set forth in <u>18 U.S.C. §§ 3572(d)(3), 3664(k)</u>, or his financial situation is different than represented, this schedule of $25 monthly payments for the term of imprisonment is the minimum payment obligation and does not preclude the United States Attorney's Office from pursuing all other means by which to satisfy criminal debt obligations imposed by this Order, including referring the judgment debt to the Treasury Offset Program. Following the custodial sentence, and beginning during the period of supervision and continuing after such supervision terminates, this schedule of $25 monthly payments represents the minimum payment obligations, and does not preclude the United States Attorney's Office from pursuing all other means by which to satisfy criminal debt obligations imposed by the Court, including referring the judgment debt to the Treasury Offset Program.

    9.   All restitution payments must be in the form of a certified check, business check, or money order (no personal checks).

    10.  All restitution payments must be made payable to "Clerk, U.S. District Court," and identify the case name and number on the "memo" line. All payments shall be delivered to the following address:

> United States District Court
> Fiscal Department
> 255 East Temple Street, Room 1100
> Los Angeles, CA 90012

    11.  Defendant may not seek the discharge of this restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

    12.  The restitution, restitution judgment, payment provisions, and collection actions of this Order survive defendant,

notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Any restitution collected and/or distributed also survives him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

13. Interest on restitution will accrue as set forth under 18 U.S.C. § 3612(f).

14. As set forth in 18 U.S.C. §§ 3572(d)(3), 3664(k), defendant is required to provide appropriate notice of any material change in defendant's economic circumstances that might affect his ability to pay restitution. Further, defendant must apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. Defendant must apply all monies received from lottery winnings, inheritance, judgments, and any anticipated or unexpected financial gains to this financial obligation.

IT IS SO ORDERED.

____11/21/21____  
DATE

_____  
HONORABLE PHILIP S. GUTIERREZ  
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Jeremiah Levine  
JEREMIAH LEVINE  
Assistant United States Attorney

4